RECEIVED
SDC, WESTERN DISTRICT OF L
TONY R. MOORE, CLERK
5/8/15 JT

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

a

DWAYNE HAROLD SMITH　　　　　　　　DOCKET NO. 15-CV-515, SEC. P
(#20375-009)

VERSUS　　　　　　　　　　　　　　　JUDGE DRELL

WARDEN　　　　　　　　　　　　　　　MAGISTRATE JUDGE KIRK

## REPORT AND RECOMMENDATION

Pro se Petitioner Dwayne Harold Smith filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. Petitioner is an inmate in the custody of the Federal Bureau of Prisons incarcerated at the Federal Correctional Institution in Pollock, Louisiana. Petitioner attacks his conviction and sentence imposed in the Eastern District of Arkansas.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Procedural History*

A jury convicted Dwayne Harold Smith of violating 18 U.S.C. §1958(a), which prohibits traveling in interstate commerce with intent to commit murder for hire. Because a murder was in fact committed, the district court sentenced Smith to life in prison, and his conviction and sentence were affirmed on appeal. See United States v. Davidson, 122 F.3d 531 (8th Cir.1997), cert. denied, 523 U.S. 1033, 118 S.Ct. 1329, 140 L.Ed.2d 490 (1998). Petitioner then moved for post-conviction relief under 28 U.S.C. §2255. The

district court granted the motion and ordered that Smith be resentenced, concluding that his trial counsel had provided ineffective assistance by failing to argue that he should be sentenced under the version of §1958 in effect when the offense was committed, which authorized a sentence "for any term of years or for life," rather than under the subsequent amendment to §1958, which provides that "if death results, [defendant] shall be punished by death or life imprisonment." U.S. v. Smith, 232 F.3d 650 (8th Cir. 2000).

At Smith's re-sentencing, the court concluded the underlying offense was first degree murder, resulting in a base offense level of 43 and a mandatory sentence of life in prison. Id. Smith appealed, arguing that his base offense level should be 32 because murder was not part of the offense charged in his indictment and therefore "there is no underlying unlawful conduct as contemplated by U.S.S.G. § 2E1.4(a)(2)." However, the Eighth Circuit affirmed, finding that:

> "[h]ere, Smith aided an interstate murder-for-hire that resulted in a murder. Thus, applying the relevant conduct criteria, first degree murder becomes the underlying unlawful conduct for purposes of § 2E1.4(a)(2), whether or not that murder was charged as part of the offense. Because former 18 U.S.C. §1958(a) authorized and §2A1.1 of the Guidelines mandates a life sentence when first degree murder results from the §1958(a) offense, Smith's sentence must be affirmed."

Id. (citations omitted).

On February 12, 2001, Smith filed a pro se motion to vacate,

set aside, or correct his sentence pursuant to 28 U.S.C. §2255. He argued in part that his sentence had been unconstitutionally enhanced based on a sentencing factor—that a murder occurred—found by the court rather than by the jury, citing Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and Jones v. United States, 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999). See Smith v. U.S., 2011 WL 1457117 (E.D.Ark.)  The Court denied that motion on June 19, 2001, and denied a motion for certificate of appealability, citing United States v. Moss, 252 F.3d 993 (8th Cir. 2001), for the proposition that Teague v. Lane, 489 U.S. 288 (1989) bars a petitioner from raising an Apprendi issue on collateral review. See id. The court also held that even if such a claim could be raised it was without merit, in part because the parties stipulated that the murder had occurred. Smith moved the Eighth Circuit to issue a certificate of appealability. The Eighth Circuit denied the motion for certificate of appealability and issued its mandate on February 4, 2002.[1] Id.

---

[1]Smith filed a motion to recall the mandate, arguing that his sentence had been unconstitutionally enhanced. The United States District Court for the Eastern District of Arkansas denied the motion on January 11, 2006. Smith then filed another motion to recall the mandate on March 2, 2007, again arguing that his sentence had been unconstitutionally enhanced based on fact-finding by the judge. The district court denied that motion on March 30, 2007. On June 16, 2009, Smith filed a petition for writ of error audita querela under 28 U.S.C. §1651, the All Writs Act, again contending that his life sentence is unconstitutional. The Court denied that petition on September 15, 2009. See Smith v. U.S., 2011 WL 1457117 (E.D.Ark.)

Smith then filed another Section 2255 motion in the sentencing court, which was dismissed as time-barred. <u>Id.</u> The Eighth Circuit Court of Appeals denied Petitioner's application for certificate of appealability, and dismissed the appeal. [No. 11-2105, 8th Cir.]

Petitioner has now filed the instant Section 2241 petition claiming that his conviction is invalid in light of the Supreme Court case of <u>United States v. Rosemond</u>, 134 S.Ct. 1240 (2014).

### *Law and Analysis*

A collateral attack on a federal criminal conviction and sentence is generally limited to a motion to correct, vacate or set aside sentence under 28 U.S.C. §2255. <u>See</u> <u>Tolliver v. Dobre</u>, 211 F.3d 876, 877 (5th Cir. 2000). 28 U.S.C. §2241 is used by prisoners to attack the manner in which a sentence is carried out or the prison authorities' determination of its duration. <u>See</u> <u>Pack v. Yusuff</u>, 218 F.3d 448, 451 (5th Cir. 2000). A petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2241 is not a substitute for a motion to vacate. <u>See</u> <u>Jeffers v. Chandler</u>, 253 F.3d 827, 830 (5th Cir. 2001), <u>cert. denied</u>, 534 U.S. 1001 (2001).

Section 2255(e) provides that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the

4

remedy by motion is inadequate or ineffective to test the legality of his detention."

Section 2255(h) provides that in order to file a second or successive Section 2255 motion, a prisoner must show that the motion is based on:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. §2255(h). *Such a determination must be made by a three-judge panel of the court of appeals before the successive motion is filed in federal district court.* Petitioner has not obtained permission from the Eighth Circuit Court of Appeals to file a successive 2255 motion.

A prisoner may use Section 2241 as the vehicle for attacking his conviction if it appears that the remedy provided by Section 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255. The burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under Section 2255 rests squarely on the petitioner. See Jeffers, 253 F.3d at 830. A prior unsuccessful Section 2255 motion, or the inability to meet AEDPA's "second or successive" requirement, does not make Section 2255 inadequate or ineffective.

To show that the remedy under 2255 is inadequate or ineffective, Petitioner must demonstrate that: (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original §2255 petition. Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001). **Petitioner cannot meet even the first requirement.**

Petitioner claims that the Supreme Court decision of United States v. Rosemond, 134 S. Ct. 1240 (2014) applies retroactively. In Rosemond, which was decided on direct rather than collateral review, the Supreme Court did not hold that its decision represented a new rule of law. A "new rule" is one that "breaks new ground," "imposes a new obligation on the States or the Federal Government," or is otherwise **not** "dictated by precedent existing at the time the defendant's conviction became final." Teague v. Lane, 489 U.S. 288, 301 (1989). Indeed, the Supreme Court was clear that its Rosemond holding **was** dictated by established precedent. Rosemond, 134 S.Ct. at 1248-1249.

Moreover, a new rule of constitutional procedure decided after a defendant's conviction becomes final generally may not be applied to that defendant's case on collateral review. See Teague, 489 U.S.

6

at 310-311. While there are two exceptions to Teague, Rosemond does not fall within either of them. See Martinez v. U.S., 2014 WL 3361748 (N.D.Tex.)(citing Schriro v. Summerlin, 542 U.S. 548, 351-352). Rosemond did not announce a new "substantive" rule, namely a rule that places any individual conduct beyond the power of the United States to punish, or that prohibits the imposition of any type of punishment. Id. at 352. Furthermore, the rule announced in Rosemond does not qualify as a "watershed rule of criminal procedure, implicating the fundamental fairness and accuracy of the criminal proceeding." Id. (internal quotation marks and citations omitted).

Additionally, since the Rosemond decision, the Supreme Court has not held that Rosemond applies retroactively, and no circuit court has given Rosemond such effect.

*Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that the petition under §2241 be **DENIED AND DISMISSED** for lack of jurisdiction. As Petitioner is aware, he must obtain permission from the Eighth Circuit Court of Appeals prior to filing a second or successive §2255 habeas corpus petition.

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to**

another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 8th day of May, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE